# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JESSE ALEJANDRO,<br><br>                Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendants.<br>_____/ | Case No.  1:15-cv-00743-SKO<br><br>**ORDER HOLDING IN ABEYANCE ORDER TO SHOW CAUSE, DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL, AND SETTING BRIEFING SCHEDULE** |

## I.     BACKGROUND

On May 14, 2015, Plaintiff, proceeding *in propria persona* and *in forma pauperis*, filed the present action in this Court.  (Doc. 1.)  Plaintiff seeks review of the Commissioner's denial of his application for benefits.  (Doc. 1.)  Plaintiff's application to proceed *in forma pauperis* was granted on June 2, 2015 (Doc. 6), and he was served with an Informational Order for Pro Se Litigants on November 25, 2015 (Doc. 13).

The Informational Order detailed Plaintiff's responsibilities as a pro se litigant, including the substantive requirements of the exchange of confidential letter briefs and requirement to file an opening brief, and required that Plaintiff file his opening brief with the Court and serve his opening brief on the Commissioner by no later than June 7, 2016.  (*See* Doc. 13, pp. 2-4, 7.) Plaintiff was further advised of the deadlines for the Commissioner's responsive brief, July 7, 2016, and for any reply brief, July 22, 2016.  (*Id.*)

On June 7, 2016, Plaintiff failed to file and serve his opening brief with the Court and on the Commissioner. (*See* Docket.) On July 13, 2016, the Court ordered Plaintiff to file a statement showing cause, if any, why the action should not be dismissed for failure to comply with the Court's November 20, 2015, Informational Order setting forth the briefing schedule (Doc. 1). (Doc. 17.) On August 2, 2016, Plaintiff filed a response explaining that his medical condition had contributed to his failure to prosecute the action, and alleged ineffective assistance of counsel.[1] (Doc. 19.) Plaintiff further requests "assistance" with reviewing his case. (*Id.*)

## II. DISCUSSION

### A. Plaintiff's Request for Appointment of Counsel is Denied without Prejudice

Generally, a plaintiff in a civil case does not have a constitutional right to the appointment of counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

Additionally, while the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so *only* if exceptional circumstances exist, *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

//

---

[1] As Plaintiff filed this action pro se and has never been represented by counsel in federal court, the Court assumes Plaintiff is alleging ineffective assistance of counsel during his administrative proceedings before the Social Security Administration.

Although Plaintiff has established his indigence by successfully obtaining *in forma pauperis* status, appointing counsel to represent Plaintiff would be inappropriate because he has failed to demonstrate that he made reasonably diligent efforts to obtain counsel. In Plaintiff's response to the order to show cause, he represents that his "medical condition was in such disarray that [he] became unaware of the lack of participation from [his] attorney." (Doc. 19.) Plaintiff's inconclusive representation that at some point he had an attorney who has failed to continue representing him is not indicative of "a diligent effort to obtain counsel." 28 U.S.C. § 1915(e)(1).

Even if Plaintiff had demonstrated a reasonable effort to obtain counsel, Plaintiff fails to show that exceptional circumstances necessitate appointment of counsel to represent him in this matter. First, Plaintiff offers no evidence to substantiate his claim that the decision of the Commissioner of Social Security was inappropriate. Second, Plaintiff's motion for appointment of counsel fails to explain how the complexity of Plaintiff's action would prevent him from articulating his claims *pro se*. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice.

**B.   Plaintiff is Ordered to File and Serve His Opening Brief by No Later Than September 23, 2016 Or This Action Will Be Dismissed For Failure to Prosecute**

In Plaintiff's response to the order to show cause, he represents that his "medical condition was in such disarray that [he] became unaware of the lack of participation from [his] attorney." (Doc. 19.) However, Plaintiff has never been represented by counsel in these proceedings; Plaintiff's complaint utilizing the "sample format for pro se litigants," application and amended application to proceed *in forma pauperis*, submission of documents in for service by the U.S. Marshal, consent to jurisdiction of a United States Magistrate Judge, and multiple change of address forms have been filed *pro se* by Plaintiff on the docket. (*See* Docs. 1, 2, 3, 5, 9, 10, 12, 18.) Clearly, Plaintiff has been capable of proceeding *pro se* until this point, and the Court is unconvinced that any cause exists why Plaintiff should be excused from noncompliance with the Court's scheduling order.

Should Plaintiff wish to continue prosecution of his case, **by no later than September 23, 2016**, he must file with the Court and serve upon the Commissioner an opening brief complying

3

with the requirements of the Informational Order Setting Briefing Schedule for Pro Se Litigant. (Doc. 21.)  The Commissioner's responsive brief will be due within 30 days of service of the opening brief, and Plaintiff's reply brief will be due within 15 days of service of the opposition.

**If Plaintiff fails to comply with these requirements, this case will be ordered dismissed for failure to prosecute**.

Accordingly, it is HEREBY ORDERED that:

1. The Order to Show Cause is held in abeyance of Plaintiff's filing of an Opening Brief;
2. Plaintiff's request for appointment of counsel is DENIED without prejudice;
3. By no later than **September 23, 2016**, Plaintiff shall file and serve upon the Commissioner an Opening Brief conforming with the requirements set out in the Informational Order Setting Briefing Schedule for Pro Se Litigant; and
4. Failure to file and serve the Opening Brief in compliance with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **August 23, 2016**                              /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE