# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JESSE ALEJANDRO, | Case No. 1:15-cv-00743-SKO |
| Plaintiff, | **INFORMATIONAL ORDER SETTING BRIEFING SCHEDULE FOR PRO SE LITIGANT** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Ruben Jesse Alejandro ("Plaintiff") is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security ("Defendant") that denied, in whole or in part, Plaintiff's claim for benefits under the Social Security Act.

This order serves as a <u>step-by-step guide for pro se litigants</u>. Plaintiff is strongly urged to <u>read this order</u> and keep it readily available for future reference.

**I.     Briefs**

The parties must file formal briefs with the Court as directed in the Scheduling Order. Following the filing of the formal briefs with the Court, the Court will consider the merits of the case and make a decision.

      A.     Plaintiff's Opening Brief

Plaintiff's opening brief must be filed <u>and</u> served <u>by no later than September 23, 2016</u>. Plaintiff must serve a copy of the opening brief on <u>all</u> the attorneys listed for Defendant on the

1  court docket at the addresses noted on the court docket.  Plaintiff is advised that **failure to timely**
2  **file an opening brief will result in dismissal of the action**.
3         Plaintiff must also file the original opening brief, together with a copy, with the Court, by
4  either personal delivery or via U.S. mail to:
5                 Office of the Clerk
                  United States District Court
6                 Eastern District of California
                  2500 Tulare Street, Suite 1501
7                 Fresno, California 93721
8         Plaintiff's opening brief must contain the following:
9         (1)    A plain description of Plaintiff's alleged physical or emotional impairments, when
10 Plaintiff contends they became disabling, and how the impairments disabled Plaintiff from
11 working;
12        (2)    A summary of the administrative proceedings before the Social Security
13 Administration;
14        (3)    A summary of the relevant testimony at the administrative hearing;
15        (4)    A summary of all relevant medical evidence, including an explanation of the
16 significance of clinical and laboratory findings, and the purpose and effect of prescribed
17 medication and therapy;
18        (5)    A recitation of the Social Security Administration's findings and conclusions
19 relevant to Plaintiff's claims;
20        (6)    A short, separate statement of each of Plaintiff's legal claims explaining why the
21 facts do not support the ALJ's findings; and
22        (7)    Any argument separately addressing each claimed error.
23        All references to the administrative record and all assertions of fact must be accompanied
24 by citations to the administrative record.  Any argument in support of each claim of error must be
25 supported by citation to legal authority and an explanation as to how such authority applies to the
26 facts of the case.  Briefs that do not substantially comply with these requirements will be stricken.
27 A document that is stricken becomes null and void and will not be considered by the Court for any
28 purpose.

### B. Defendant's Responsive Brief

Pursuant to the Scheduling Order, Defendant's responsive brief must be filed and served on Plaintiff <u>within 30 days</u> from the date of service of Plaintiff's opening brief on Defendant.

### C. Plaintiff's Reply Brief

Plaintiff may, but is not required, to file a reply brief <u>within 15 days</u> from the date of Defendant's service of the responsive brief on Plaintiff. Plaintiff must serve a copy of the reply brief on Defendant by serving the United States Attorney for the Eastern District of California as set forth in Section I above. Plaintiff must also file the original reply brief, together with a copy, with the Court at the Court's address noted above.

Plaintiff's reply brief should respond to the arguments made in Defendant's responsive brief.

## II. The Court's Decision on the Merits

The Court will consider the merits of the case only after all briefs have been filed, and may enter judgment affirming, modifying, or reversing the determination of the Social Security Administration. The Court may or may not remand the case to the Social Security Administration for a further hearing.

## III. General Summary of Deadline Calculations

| Event | Deadline | Reference |
| --- | --- | --- |
| Plaintiff's Opening Brief | September 23, 2016 | *See* Section (I)(A) above |
| Defendant's Brief | 30 days after Plaintiff's opening brief is filed | *See* Section (I)(B) above |
| Plaintiff's Reply Brief (Optional) | 15 days after Defendant's brief is filed | *See* Section (I)(C) above |

## IV. Rules for Litigating this Action

In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

A. Local Rule 206 pertains to social security actions. Specifically, sections (a)(1) and (2) of Rule 206 generally state that complaints shall contain the last four digits of Plaintiff's social security number only, i.e., XXX-XX-1234, and that Plaintiff shall privately disclose to Defendant, within 5 days after a request is made to Plaintiff, the full social security number of Plaintiff. Plaintiff shall refrain from disclosing the entire social security number on any filings.

**FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS.** *See* **Local Rule 110; Fed. R. Civ. P. 41(b).**

B. Documents intended to be filed with the Court must be mailed to the Clerk of the Court in Fresno, California, at the address noted above. See Local Rule 134(a). All documents mailed directly to a judge's chambers will be stricken from the record. A document requesting a court order must be styled as a motion, not as a letter. See Fed. R. Civ. P. 7.

C. Each separate document must be separately stapled. See Local Rule 130. If a document is stapled behind another document, it will not be filed and will not be docketed as a separate document.

D. All documents filed with the Court must be submitted with an additional legible copy for the Court's use. See Local Rule 133(d)(2). A document submitted without an extra copy for the Court's use will be stricken. If the filing party wishes the Court to return a file-stamped copy, an additional copy must be provided for that purpose (i.e., an original and two copies – one for the Court's use and one to be returned to the filing party), together with a self-addressed stamped envelope. The Court cannot provide copy or mailing service for a party – even for an indigent plaintiff proceeding in forma pauperis. Copies of documents from the Court's file may be obtained from the Clerk's Office at the cost of fifty cents per page.

E. After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a proof of service stating that a copy of the document was served on the

opposing party.  See 28 U.S.C. § 1746; Fed. R. Civ. P. 5; Local Rule 135.  A document submitted without the required proof of service will be stricken.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

F. A pro se Plaintiff has a duty to keep the Court and opposing parties' counsel apprised of a current address.  If Plaintiff moves and fails to file a notice of change of address, service of court orders at Plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to Plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If Plaintiff's address is not updated within 60 days of mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **August 23, 2016**                             /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE