# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JESSE ALEJANDRO,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | Case No. 1:15-cv-00743-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>**ORDER DIRECTING CLERK TO CLOSE ACTION** |

## I. BACKGROUND

On May 14, 2015, Plaintiff Ruben Jesse Alejandro ("Plaintiff"), proceeding *in propria persona* and *in forma pauperis*, filed the present action in this Court. (Doc. 1.) Plaintiff seeks review of the Commissioner's denial of his application for benefits. (Doc. 1.) Plaintiff's application to proceed *in forma pauperis* was granted on June 2, 2015 (Doc. 6), and he was served with an Informational Order for Pro Se Litigants on November 25, 2015 (Doc. 13).

The Informational Order detailed Plaintiff's responsibilities as a pro se litigant, including the substantive requirements of the exchange of confidential letter briefs and requirement to file an opening brief, and required that Plaintiff file his opening brief with the Court and serve his opening brief on the Commissioner by no later than June 7, 2016. (*See* Doc. 13, pp. 2-4, 7.) Plaintiff was further advised of the deadlines for the Commissioner's responsive brief and for any

reply brief. (*Id.*)

On June 7, 2016, Plaintiff failed to file and serve his opening brief with the Court and on the Commissioner. (*See* Docket.) On July 13, 2016, the Court ordered Plaintiff to file a statement showing cause, if any, why the action should not be dismissed for failure to comply with the Court's November 20, 2015, Informational Order setting forth the briefing schedule (Doc. 13). (Doc. 17.) On August 15, 2016, Plaintiff filed a response in the form of a letter addressed "To Whom It May Concern," explaining that his medical condition had contributed to his failure to prosecute the action and alleging ineffective assistance of counsel. (Doc. 19.) Plaintiff further requested "assistance" with reviewing his case. (*Id.*)

On August 24, 2016, the Court entered an order denying Plaintiff's request for appointment of counsel and holding in abeyance the Order to Show Cause subject to Plaintiff filing and serving an opening brief by September 23, 2016. (Doc. 20.) That same day, August 24, 2016, the Court entered another Informational Order for Pro Se Litigants `reiterating the September 23, 2016 deadline for Plaintiff's opening brief. (Doc. 21.) Plaintiff was ordered to conform his opening brief to the requirements set forth in the August 24, 2016, Informational Order, which required that the following be included:

"(1) A plain description of Plaintiff's alleged physical or emotional impairments, when Plaintiff contends they became disabling, and how the impairments disabled Plaintiff from working;

(2) A summary of the administrative proceedings before the Social Security Administration;

(3) A summary of the relevant testimony at the administrative hearing;

(4) A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

(5) A recitation of the Social Security Administration's findings and conclusions relevant to Plaintiff's claims;

(6) A short, separate statement of each of Plaintiff's legal claims explaining why the facts

do not support the ALJ's findings; and

(7) Any argument separately addressing each claimed error."

(Docs. 20-21.)

On September 26, 2016, Plaintiff filed response to the Order to Show Cause in the form of a collection of documents, including Plaintiff's medical records; the Notice of Appeals Council Action dated March 12, 2015; a list of medications; another copy of his letter "To Whom It May Concern;" a residual functional capacity questionnaire; letters from Plaintiff's physicians; and an authorization to release medical information. (Doc. 22.)  Plaintiff's documents fail to satisfy the requirements of an opening brief as set forth in the Informational Order.

## II.   DISCUSSION

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." *See* LR 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the Defendant Commissioner also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.1976). No less drastic sanction is available to the Court, as Plaintiff has failed to comply with the Court's prior orders and is proceeding *in forma pauperis*. The policy favoring disposition of cases on their merits is outweighed by these other four factors in favor of dismissal. *See Hall v. Comm'r of Soc. Sec.*, No. 1:11-cv-00693-JLT, 2011 WL 3794705 at *2 (E.D. Cal. Aug. 25, 2011).

In its August 24, 2016, order, the Court informed Plaintiff that failure to fail a conforming opening brief would result in dismissal of this action. (Doc. 20.) Thus, Plaintiff had adequate warning that dismissal would result from failure to file his opening brief. It is within the Court's inherent authority to dismiss the action both for failure to prosecute and for failure to comply with the Court's order.

### III.   CONCLUSION AND ORDER

Good cause being established therefor, it is HEREBY ORDERED that:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's order and to prosecute; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 2, 2016**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE